UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>N. VERA, et al.,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00096-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

**I.　BACKGROUND**

Lance Williams ("Plaintiff") is a state prisoner proceeding *pro se* with this action. The Court received the complaint commencing this action on December 16, 2021. (ECF No. 1). Plaintiff did not pay the filing fee or file an application to proceed *in forma pauperis*.

As the Court finds that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

**II.　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action

or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted). See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'") (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986-87 (9th Cir. 1999)) (alteration in original).

## III. ANALYSIS

### i. Strikes

Plaintiff initiated this action on December 16, 2021. (ECF No. 1).[1] The Court finds that, prior to this date, Plaintiff had at least three cases dismissed that count as "strikes."

The Court takes judicial notice of Williams v. Corcoran State Prison, E.D. CA, Case No. 1:21-cv-01009, ECF No. 9, in which Magistrate Judge Barbara A. McAuliffe found that Plaintiff had at least three "strikes" prior to filing the action. That action was filed on June 25, 2021. Id. at ECF No. 1.

The Court also takes judicial notice of: 1) Williams v. Aparicio, C.D. CA, Case No. 2:14-cv-08640, ECF Nos. 8 & 9 (dismissed as time-barred);[2] 2) Williams v. Kerkfoot, C.D. CA, Case No. 2:14-cv-07583, ECF Nos. 18 & 21 (dismissed as time-barred); 3) Williams v. Young, C.D. CA, Case No. 2:14-cv-08037, ECF No. 17 (dismissed as time-barred); 4)

---

[1] As discussed below, the exact date Plaintiff filed his action is unclear. However, as Plaintiff had more than three "strikes" prior to any of the potential dates of filing, this uncertainty does not change the determination that Plaintiff had three "strikes" prior to filing this action.

[2] If a case is dismissed because it is clear from the face of the complaint that the action is time-barred, the dismissal counts as a "strike." See Belanus v. Clark, 796 F.3d 1021 (9th Cir. 2015) (affirming district court's decision to count a case as a strike where the case was dismissed as Heck barred and time-barred); El-Shaddai v. Zamora, 833 F.3d 1036, 1044 (9th Cir. 2016) ("Notwithstanding the fact that failure to exhaust is an affirmative defense, a 'complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face.'") (alteration in original) (quoting Jones v. Bock, 549 U.S. 199, 215 (2007)).

Williams v. Paramo, 9th Cir., Case No. 18-55319, ECF No. 7 (dismissed as frivolous); 5) Williams v. R.J.D. Medical Staff Building, 9th Cir., Case No. 18-55709, ECF No. 5 (dismissed as frivolous); 6) Williams v. Navarro, 9th Cir., Case No. 20-56163, ECF No. 8 (dismissed as frivolous); Williams v. Young, 9th Cir., Case No. 15-55967, ECF Nos. 8 & 10 (Plaintiff's application to proceed *in forma pauperis* was denied because the appeal was frivolous, and the case was later dismissed because Plaintiff failed to pay the filing fee).[3]

      *ii. Imminent Danger*

As Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). See also Martin, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)…."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will

---

[3] If an application to proceed in forma pauperis is denied by an appellate court because the appeal is frivolous, the case counts as a "strike" even if the appeal is not dismissed until later when the plaintiff fails to pay the filing fee. Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015).

consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.  The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." Stine v. Fed. Bureau of Prisons, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298-99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations.  Andrews, 493 F.3d at 1055 (9th Cir. 2007).

Plaintiff alleges that he was denied necessary medications and mental healthcare on April 28, 2021 by defendant Vera; that he was threatened by an inmate in the cell next to his on April 29, 2021, because defendant Vera stated that Plaintiff told defendant Vera that the inmates in the cells next to Plaintiff threw trash outside their cells; that Plaintiff was assaulted by defendant Vera on April 29, 2021; that defendant Vera sexually harassed, assaulted,[4] and threatened Plaintiff on April 30, 2021; that Plaintiff was moved to a feces covered cell on May 1, 2021;[5] that defendant Vera sexually harassed Plaintiff again on May 4, 2021; that on May 4, 2021, defendant Vera roughly cuffed Plaintiff behind his back in violation of a chrono in a way that injured Plaintiff; that on May 4, 2021, defendant Vera and defendant Doe (a Psych Tech) denied Plaintiff medical attention for the injuries he received from having his hands roughly cuffed behind his back; and that on May 4, 2021, defendant Hernandez failed to renew Plaintiff's special cuffing chrono.[6]

---

[4] It is not clear what Plaintiff means by "assaulted" in this context.  There are no allegations suggesting that defendant Vera physically harmed Plaintiff in any way.

[5] Plaintiff does not allege that any defendant was responsible for moving Plaintiff to this cell, refusing to clean the cell, or refusing to provide Plaintiff with supplies to clean the cell.

[6] It is not clear how Plaintiff's claim against defendant Hernandez is related to the other claims in this case.  This claim involves a different defendant and a different occurrence.  Additionally, there are no allegations suggesting that the failure to renew the chrono caused defendant Vera to cuff Plaintiff behind his back on May 4, 2021.  While the chrono had expired prior to the incident, Plaintiff did not know this.  Plaintiff told defendant Vera that it was still in effect and asked for special cuffing.  In response defendant Vera stated that he did not care and refused to check SOMS.  Thus, there is no indication that the failure to renew the chrono caused this incident to occur.  Moreover, while Plaintiff alleges that defendant Hernandez failed to renew the chrono on May 4, 2021, there are no allegations suggesting that defendant Hernandez was responsible for the chrono expiring on April 29, 2021.

To begin, the Court notes that Plaintiff may have been transferred to a different institution prior to filing this case.  Plaintiff's complaint is dated September 29, 2021, and he allegedly mailed the complaint to the Court on the same day.  (ECF No. 1, pgs. 9 & 12).  However, the Court did not receive Plaintiff's complaint until November 1, 2021.  (Id. at 13).  By this time, it appears that Plaintiff was housed at Folsom State Prison (the alleged incidents occurred at Corcoran State Prison).[7]  Additionally, the Court did not accept Plaintiff's complaint for filing on November 1, 2021.  Instead, the Court sent it back to Plaintiff, unfiled, because Plaintiff did not follow the Court's E-Filing procedure.  (Id. at 13).  Plaintiff E-Filed the complaint from Folsom State Prison on or around December 16, 2021.  (ECF No. 7).

As there are no allegations suggesting that Plaintiff was ever in danger at Folsom State Prison, if Plaintiff filed this action after he was transferred, he failed to sufficiently allege that he was in imminent danger of serious physical injury at the time he filed his complaint.

Even if the Court uses the date of September 29, 2021, as the date Plaintiff filed his complaint, Plaintiff still failed to sufficiently allege that he was in imminent danger of serious physical injury at the time he filed his complaint.  It appears that Plaintiff was housed at Corcoran State Prison on this date. (ECF No. 1, p. 1).  However, Plaintiff's allegations span a period of approximately one-week, from April 28, 2021, through May 4, 2021.  There are no allegations suggesting that Plaintiff was in imminent danger of serious physical injury on September 29, 2021, which is almost five months later than the last allegation in his complaint.

For example, Plaintiff alleges that he was moved to a different cell after he was threatened by an inmate, and there are no further allegations regarding this inmate either threatening or attacking Plaintiff.  As a second example, while Plaintiff alleges that he was placed in a cell with feces and was not given cleaning products, there are no allegations suggesting that he was still in the same cell on September 29, 2021, or that the cell still had not been cleaned.

This conclusion is supported by Plaintiff's request for relief, which is for damages.

---

[7] According to a filing Plaintiff made in a separate case, Plaintiff was transferred on October 4, 2021. Williams v. Peterson, E.D. CA, Case No. 1:22-cv-00019, ECF No. 1, p. 24.

(See ECF No. 1, p. 9). There are no requests for injunctive relief to cure any ongoing issues, let alone any issues that placed Plaintiff in imminent danger of serious physical injury at the time he filed the complaint.

Based on the foregoing, even liberally construing Plaintiff's complaint, Plaintiff has not sufficiently alleged that he was in imminent danger of serious physical injury at the time he filed his complaint.

As Plaintiff is a "three-striker" and was not in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

## IV.    CONCLUSION, RECOMMENDATIONS, AND ORDER

The Court finds that Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed proceed *in forma pauperis* in this action; and
2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\
\\\
\\\
\\\

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **January 26, 2022**              /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE